IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:25-CV-104 |
| | ) | |
| Plaintiff, | ) | JUDGE WALTER H. RICE |
| | ) | |
| -vs- | ) | MAGISTRATE JUDGE CAROLINE H. GENTRY |
| | ) | |
| CONTENTS OF BANK OF AMERICA, ACCOUNT NO. X4630, IN THE NAME OF JIANGUO ZHENG., et al. | ) ) ) | |
| | ) | |
| Defendants, | ) | **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANTS** |
| | ) | |
| **and concerning** | ) | |
| | ) | |
| WEI LIU AND KAIYUAN TRUST, WEI LIU, TRUSTEE, | ) ) | |
| | ) | |
| Claimants | ) | |
| _____ | ) | |

Claimants, Wei Liu and Kaiyuan Trust, Wei Liu, Trustee (hereinafter "Claimants"), by and through undersigned counsel, hereby file this Claimants' Amended Answer to the Verified Complaint of the Plaintiff.

Claimant Wei Liu is the owner of property seized by the Plaintiff on or about April 11, 2025, which is described as a certain 2023 Audi RS6 motor vehicle, being Vehicle Identification Number WUA1CBF21PN900843, and specifically identified as Defendant No. 36 in Plaintiff's Verified Complaint for Forfeiture in Rem.

Claimant Kaiyuan Trust, Wei Liu, Trustee, is the owner of certain residential real property of which the Plaintiff has forwarded Notice of Intent to Seize as of April 11, 2025 and which is described as 855 Southwick Circle, Centerville, Ohio 45490, in

Montogomery, Ohio, and which is identified as Defendant No. 13 in Plaintiff's Verified Complaint for Forfeiture in Rem.

Claimants respond to the allegations in Plaintiff's Complaint as follows:

1. Claimants admit the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint for Forfeiture in Rem.

2. Claimants deny the allegations contained in Paragraph 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

3. Claimants admit the allegation contained in Paragraph 16 of Plaintiff's Verified Complaint for Forfeiture in Rem but only to the extent that it correctly identifies the property that is owned by Claimant Kaiyuan Trust, Wei Liu, Trustee.

4. Claimants denies the allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

5. Claimant, Wei Liu, admits the allegation contained in Paragraph 39 of Plaintiff's Verified Complaint for Forfeiture in Rem but only to the extent that it accurately describes the property of which he is the owner.

6. Claimants deny the allegations contained in Paragraphs 41, 41, 42 and 43 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

7. Paragraphs 44, 45 and 46 state conclusions of law to which no response is required. To the extent that Paragraphs 44, 45 and 46 may be read to make allegations of fact concerning Claimants or their Defendant property, those allegations are denied.

8. Paragraphs 47, 48, 49, 50 and 51 state conclusions of law to which no response is required. To the extent that these paragraphs may be read to make allegations of fact concerning Claimants or their Defendant property, those allegations are denied.

9. Answering Claimants deny the allegation contained in Paragraph 52 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

10. Answering Claimants deny the allegations contained in Paragraphs 53, 54, 55, 56, 57, 58 and 59 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

11. Answering Claimants deny the allegations contained in Paragraph 60 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

12. Answering Claimants deny the allegations contained in Paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

13. Answering Claimants deny the allegations contained in Paragraph 73 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

14. Answering Claimants deny the allegations contained in Paragraphs 74, 75, and 76 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

15. Answering Claimants deny the allegations contained in Paragraph 77 of Plaintiff's Verified Complaint for Forfeiture in Rem for want of knowledge.

16. Answering Claimants deny the allegations contained in Paragraphs 78, 79, 80, 81, 82, 83, 84 and 85 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

17. Answering Claimants deny the allegations contained in Paragraphs 86 through 152 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

18. Answering Claimants expressly deny the allegations contained in Paragraphs 153 and 154 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

19. Answering Claimants expressly deny the allegations contained in Paragraph 155 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

20. Answering Claimants expressly deny the allegations contained in Paragraphs 156 and 157 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

21. Answering Claimants deny the allegations contained in Paragraphs 158 through 188 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

22. Answering Claimants expressly deny the allegations contained in Paragraphs 189 and 190 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

23. Answering Claimants deny the allegations contained in Paragraphs 191, 192, 193, 194, 195, 196 and 197 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

24. Answering Claimants expressly deny the allegations contained in Paragraph 198 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

25. Answering Claimants deny the allegations contained in Paragraph 199 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

26. Answering Claimants expressly deny the allegations contained in Paragraphs 200, 201, 202, 203, 204, 205, and 206 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

27. Answering Claimants admit the allegations contained in Paragraphs 207, 208, and 209 of Plaintiff's Verified Complaint for Forfeiture in Rem.

28. Answering Claimants deny the allegation contained in Paragraph 210 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

29. Answering Claimants deny the allegations contained in Paragraphs 211, 212, 213, 215, 216, and 217 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

30. Answering Claimants admit the allegations contained in Paragraph 218 of Plaintiff's Verified Complaint for Forfeiture in Rem.

31. Answering Claimants expressly deny the allegations contained in Paragraph 219 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

32. Answering Claimants deny the allegations contained in Paragraphs 220 through 227 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

33. Answering Claimants expressly deny the allegations contained in Paragraphs 228 through 339 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

34. Answering Claimants expressly deny the allegations contained in Paragraphs 340 through 453 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

35. Answering Claimants expressly deny the allegations contained in Paragraphs 454, 455, 456, 457 and 458 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

36. Answering Claimants expressly deny the allegations contained in Paragraphs 459 through 469 of Plaintiff's Verified Complaint for Forfeiture in Rem and demand strict proof thereof.

37. Answering Claimant expressly denies the allegations contained in Paragraph 470 of Plaintiff's Verified Complaint for Forfeiture in Rem, partially for want of knowledge.

38. Paragraph 471 states conclusions of law to which no response is required. To the extent that Paragraph 471 may be read to make allegations of fact concerning Claimant or their Defendant properties, these allegations are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Verified Complaint for Forfeiture in Rem fails to state claims upon which relief may be granted.

2. Plaintiff's Verified Complaint for Forfeiture in Rem does not comply with he requirements of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

3. The seized property or properties subject to seizure does not come from any prohibited source and, accordingly, is not subject to forfeiture.

4. The property is not subject to seizure and forfeiture.

5. The forfeiture is barred by the prohibition of depriving citizens of property without due process of law as provided for in the Fifth and Fourteenth Amendments to the United States Constitution.

6. Claimants are innocent owners who do not know and should not have known that after a reasonable inquiry, that the property was being employed or was likely to be employed in criminal activity.

7. This court lacks in rem jurisdiction.

8. A stale seizure warrant was served more than 10 days after it was issued.

9. The Plaintiff failed to file an affidavit for a probable cause determination within 10 days of seizure.

10. Claimants' property was not involved in a violation of 8 U.S.C. § 1324(a) for bringing in and harboring certain aliens.

11. Answering Claimants did not violate the provisions of 18 U.S.C. § 1956 for alleged laundering of monetary instruments.

12. The Claimants' property was not involved in any engaging of monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.

13. Claimants reserve the right to add, delete or amend these affirmative defenses and the evidence may warrant.

**WHEREFORE,** Claimants hereby demand the Court deny Plaintiff's claim for forfeiture of Defendant No. 13, Claimant Kaiyuan Trust, Wai Liu, Trustee's real property and Defendant No. 36, Claimant Wei Liu's 2023 Audi RS6 motor vehicle. Claimants further pray that said property be returned to Claimants and that Plaintiff pay Claimants' attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b)(1)(A). Finally, Claimants pray that the Court enter such additional relief as the Court deems just and proper and that the Plaintiff be assessed the cost of this action.

/s/ *Paul V. Wolf*
PAUL V. WOLF (0038810)
Law Offices of Paul V. Wolf
700 West St. Clair Ave., Ste. 400
Cleveland, Ohio 44113-1274
(216) 241-0300
Fax: (216) 241-2731
Email: paulvwolf@hotmail.com
Attorney for Claimants Wei Liu and
Kaiyuan Trust, Wei Liu, Trustee,
(Owners of Defendant Nos. 13 and 36)

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, it is respectfully requested that a trial by jury be had in this action.

/s/ *Paul V. Wolf*
PAUL V. WOLF (0038810)
Attorney for Claimants Wei Liu and
Kaiyuan Trust, Wei Liu, Trustee,
(Owners of Defendant Nos. 13 and 36)

## PROOF OF SERVICE

The foregoing have been served upon Kelly A. Norris, Acting United States Attorney, and Adam C. Tieger (Adam.Tieger@usdoj.gov), Assistant United States Attorney, 200 W. Second Street, Suite 600, Dayton, OH 45402; and Deborah D. Grimes (Deborah.Grimes@usdoj.gov), Assistant United States Attorney, 221 East Fourth Street, Suite 400, Cincinnati, OH 45202, Attorneys for Plaintiff, through the Court's electronic filing system this 25th day of June, 2025.

/s/ *Paul V. Wolf*
PAUL V. WOLF (0038810)
Attorney for Claimants Wei Liu and
Kaiyuan Trust, Wei Liu, Trustee,
(Owners of Defendant Nos. 13 and 36)