# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:25-cv-00104 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | | Magistrate Judge Caroline H. Gentry |
| v. | : | |
| CONTENTS OF BANK OF AMERICA, ACCOUNT NO. X4630 IN THE NAME OF JIANGUO ZHENG, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture (Doc. 78). The instant motion seeks a default judgment against certain defendants, potential claimants, and all other persons and entities who might have an interest in the defendants. This Order pertains to the following property (the "subject defendants"):

Defendant 3, Contents of Bank of America, Account No. X7917, in the Name of X&Y Inc.;

Defendant 5, Contents of Bank of America, Account No. X1557, in the Name of J&W Service 168 Inc.;

Defendant 7, Contents of Bank of America, Account No. X1378, in the Name of Kaiyuan Service LLC;

Defendant 22, One 2019 Chevrolet Express G3500, VIN: 1GAZGPFGXK1281875, with All Attachments;

Defendant 23, One 2019 Chevrolet Express G3500, VIN: 1GAZGPFG7K1362316, with All Attachments;

Defendant 24, One 2017 Chevrolet Express G3500, VIN: 1GAZGPFG5H1172278, with All Attachments;

Defendant 25, One 2018 Chevrolet Express G3500, VIN: 1GAZGPFG2J1333983, with All Attachments;

Defendant 26, One 2018 Chevrolet Express G3500, VIN: 1GAZGPFG3J1313192, with All Attachments;

Defendant 27, One 2024 Mercedes-Benz Sprinter, VIN: W1Z4KFHY4RT173063, with All Attachments;

Defendant 28, One 2019 Mercedes-Benz Sprinter, VIN: W1Z70FGY8KT016890, with All Attachments;

Defendant 30, One 2018 Ford Transit, VIN: 1FBZX2YM7JKB39462, with All Attachments;

Defendant 31, One 2023 Mercedes GLE350, VIN: 4JGFB4KBXPA915691, with All Attachments;

Defendant 33, One 2020 Ford F-150 FX4 Crew Cab, VIN: 1FTEW1EP1LFB78257, with All Attachments;

Defendant 34, One 2020 Ford F-250, VIN: 1FT7X2BN6LEE36163, with All Attachments; and

Defendant 35, One 2021 Toyota Tacoma, VIN: 3TMGZ5ANXMM427295, with All Attachments.

The United States filed a Verified Complaint for Forfeiture *In Rem* on April 2, 2025, against forty (40) defendant assets, including the contents of bank accounts (Defendants 1 through 7), real property (Defendants 8 through 21), vehicles (Defendants 22 through 36), and luxury items and one firearm (Defendants 37 through 40). (Doc. No. 1.) Tyler J. Simpson, who is a Special Agent with the U.S. Immigration and Customs Enforcement, Homeland Security Investigations, verified the complaint. (*Id.*)

The complaint alleges that the defendants are subject to forfeiture under the following bases: as vehicles that have been used in the commission of a violation of 8 U.S.C. § 1324(a) for

2

the purpose of commercial advantage and private financial gain, the gross proceeds of such violation, and any property traceable to such vehicles or proceeds, pursuant to 8 U.S.C. § 1324(b)(1); as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1956(h), and/or 18 U.S.C. § 1957, or property traceable to such property, pursuant to 18 U.S.C. § 981(a)(1)(A); as property which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity, namely, harboring, concealing, and/or transporting illegal aliens in violation of 8 U.S.C. § 1324(a) or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C); and the United States intends to rely on the provisions of 18 U.S.C. § 984 to establish that the defendant bank accounts are subject to forfeiture. (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on April 11, 2025, directed the U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"); U.S. Customs and Border Protection ("CBP"); any duly authorized law enforcement officer; and/or their delegates for the Southern District of Ohio to arrest Defendants 1 through 7 and 22 through 40. (Doc. No. 5.) In accordance with the warrant, HSI and CBP arrested these defendants, bringing them within the jurisdiction of the Court. (Doc. No. 69.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12

3

must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States, on May 9, 2025, sent direct notice of this action with a copy of the complaint to all known potential claimants described below, advising them that the deadline for filing a claim was June 13, 2025.

As to Defendant 3, the United States sent notice and a copy of the complaint to potential claimants Zhongxu Sun for X&Y Inc.; Zhongxu Sun c/o Zhou Wang, Esq.; and Ying Xiong for X&Y Inc. (Doc. No. 66 at PageID 1945-49, 1921-23.)

As to Defendant 5, the United States sent notice and a copy of the complaint to potential claimants J&W Service 168 Inc.; Jianwen Wei; and Jianwen Wei c/o Stacey Van Malden, Esq. (*Id.* at PageID 1882-87, 1939-41.)

As to Defendant 7, the United States sent notice and a copy of the complaint to potential claimants Wei Lui, Individually and Trustee for Kaiyuan Trust c/o Paul V. Wolf, Esq.; and Guo Qiang Lin and Yi Mei Lin c/o Michael P. Harvey, Esq. (*Id.* at PageID 1909-14.)

As to Defendants 22, 24, and 25, the United States sent notice and a copy of the complaint to potential claimants Zhongxu Sun c/o Zhou Wang, Esq.; Zeyu Zhao; and Zeyu Zhao c/o Marlon A. Primes, Esq. (*Id.* at PageID 1948-49, 1900-02, 1906-08.)

As to Defendant 23, the United States sent notice and a copy of the complaint to potential claimants Zhi Lin c/o Joseph A. Dubyak, Esq.; Yun Chen; and Yun Chen c/o Zhou Wang, Esq. (*Id.* at PageID 1888-90, 1942-44, 1948-49.)

4

As to Defendant 26, the United States sent notice and a copy of the complaint to potential claimant Jianguo Zheng. (*Id.* at PageID 1894-99.)

As to Defendants 27, 28, and 31, the United States sent notice and a copy of the complaint to potential claimant Jianwen Wei. (*Id.* at PageID 1885-87, 1939-41.)

As to Defendant 30, the United States sent notice and a copy of the complaint to potential claimant Hengyang Zhu. (*Id.* at PageID 1879-81.)

As to Defendant 33, the United States sent notice and a copy of the complaint to potential claimants Fei Lin and First Commonwealth Bank. (*Id.* at PageID 1864-66, 1873-75.)

As to Defendant 34, the United States sent notice and a copy of the complaint to potential claimant Zeyu Zhao. (*Id.* at PageID 1900-02, 1906-08.)

As to Defendant 35, the United States sent notice and a copy of the complaint to potential claimants Jiahui Yu c/o Connor P. Reilly, Esq. and Fifth Third Bank. (*Id.* at PageID 1867-69, 1870-72.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on May 15, 2025, for 30 consecutive days. (Doc. No. 64.)

On September 30, 2025, the Clerk of this Court entered a default against the subject defendants, as authorized by Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 71.)

No person or entity has filed a claim to the subject defendants or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby **ORDERED** that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:[1]

1. Defendant 3, Contents of Bank of America, Account No. X7917, in the Name of X&Y Inc.;

2. Defendant 5, Contents of Bank of America, Account No. X1557, in the Name of J&W Service 168 Inc.;

3. Defendant 7, Contents of Bank of America, Account No. X1378, in the Name of Kaiyuan Service LLC;

4. Defendant 22, One 2019 Chevrolet Express G3500, VIN: 1GAZGPFGXK1281875, with All Attachments;

5. Defendant 23, One 2019 Chevrolet Express G3500, VIN: 1GAZGPFG7K1362316, with All Attachments;

6. Defendant 24, One 2017 Chevrolet Express G3500, VIN: 1GAZGPFG5H1172278, with All Attachments;

7. Defendant 25, One 2018 Chevrolet Express G3500, VIN: 1GAZGPFG2J1333983, with All Attachments;

8. Defendant 26, One 2018 Chevrolet Express G3500, VIN: 1GAZGPFG3J1313192, with All Attachments;

9. Defendant 27, One 2024 Mercedes-Benz Sprinter, VIN: W1Z4KFHY4RT173063, with All Attachments;

---

[1] Wei Lui, Individually and Trustee for Kaiyuan Trust; Guo Qiang Lin; Yi Mei Lin; Zhi Lin; Zeyu Zhao; and Jianguo Zheng have filed timely claims and answers to other assets in this case. (Doc. Nos. 9, 10, 13, 15, 16, 20, 21, 26-28, 42, 43, 45, 46, 47, 49-57, 59-61.) Therefore, a default judgment is granted against these parties only as to any right, title, and interest that they may have in the subject defendants.

10. Defendant 28, One 2019 Mercedes-Benz Sprinter, VIN: W1Z70FGY8KT016890, with All Attachments;

11. Defendant 30, One 2018 Ford Transit, VIN: 1FBZX2YM7JKB39462, with All Attachments;

12. Defendant 31, One 2023 Mercedes GLE350, VIN: 4JGFB4KBXPA915691, with All Attachments;

13. Defendant 33, One 2020 Ford F-150 FX4 Crew Cab, VIN: 1FTEW1EP1LFB78257, with All Attachments;

14. Defendant 34, One 2020 Ford F-250, VIN: 1FT7X2BN6LEE36163, with All Attachments;

15. Defendant 35, One 2021 Toyota Tacoma, VIN: 3TMGZ5ANXMM427295, with All Attachments;

16. X&Y Inc.;

17. J&W Service 168 Inc.;

18. Jianwen Wei;

19. Wei Lui, Individually and Trustee for Kaiyuan Trust;

20. Guo Qiang Lin;

21. Yi Mei Lin;

22. Zhongxu Sun;

23. Zeyu Zhao;

24. Zhi Lin;

25. Yun Chen;

26. Jianguo Zheng;

7

27. Jianwen Wei;

28. Hengyang Zhu;

29. Fei Lin;

30. First Commonwealth Bank;

31. Jiahui Yu;

32. Fifth Third Bank; and

33. All other persons and entities who might have an interest in the subject defendants, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further **ORDERED, ADJUDGED,** and **DECREED** that:

1. All right, title, and interest in the subject defendants is **CONDEMNED** and **FORFEITED** to the United States, pursuant to 8 U.S.C. § 1324(b)(1), as vehicles that have been used in the commission of a violation of 8 U.S.C. § 1324(a) for the purpose of commercial advantage and private financial gain, the gross proceeds of such violation, or property traceable to such vehicles or proceeds; pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1956(h), and/or 18 U.S.C. § 1957, or property traceable to such property; and/or pursuant to 18 U.S.C. § 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity, namely, harboring, concealing, and/or transporting illegal aliens in violation of 8 U.S.C. § 1324(a) or a conspiracy to commit such offense;

2. All right, title, and interest in the subject defendants is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The U.S. Immigration and Customs Enforcement, Homeland Security Investigations; U.S. Customs and Border Protection; or an authorized agent thereof shall dispose of the subject defendants in accordance with the law; and

4. The Court shall retain jurisdiction to enforce the terms of this Order.

**IT IS SO ORDERED.**

Dated: 2·9·26

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE